107 F.3d 2
 9 NDLR P 158
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
James L. EVANS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 96-7430.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 1
 APPEARING FOR APPELLANT: James L. Evans, Pro Se, Mt. Vernon, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Michele C. Horan, Burke Horan & Macri, New York, N.Y.
 
 
 3
 Present Hon. Ellsworth A. VAN GRAAFEILAND, Hon. Pierre N. LEVAL, Circuit Judges, Hon. Dominic J. SQUATRITO, District Judge[1]
 
 
 4
 Appeal from the United States District Court for the Southern District of New York (Charles L. Brieant, Judge ).
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 7
 James L. Evans, pro se and in forma pauperis, appeals from the district court's grant of summary judgment in favor of General Motors on Evans's claim under the Americans with Disability Act, 42 U.S.C. § 12111 et seq. Evans argues that the district judge incorrectly found that G.M. was not required to make any accommodation to permit him to work a "light duty" job, after he was injured and unable to continue in his position as a wheelhouse installer. Prior to his assignment as a wheelhouse installer, Evans had worked as a wheelhouse assembler, a light duty position. According to Evans, factual questions about the availability of light duty jobs for which he was qualified should have precluded summary judgment.
 
 
 8
 The district judge was correct, however, that there is no general duty to transfer a disabled employee unable to perform one job to another available position, absent some showing of a contractual right to transfer or an established policy of such transfers. See Bates v. Long Island R. Co., 997 F.2d 1028, 1035 (2d Cir.) (employer may not deny disabled employee contractual right to bid for reassignment by reason of a disability, but "reasonable accommodation generally does not require an employer to reassign a disabled employee to a different position."), cert. denied, 510 U.S. 992, 114 S.Ct. 550 (1993). Cf. School Bd. of Nassau County v. Arline, 480 U.S. 273, 289 n. 19, 107 S.Ct. 1123, 1131 n. 19 (1987) ("Employers have an affirmative obligation to make a reasonable accommodation for a handicapped employee. Although they are not required to find another job for an employee who is not qualified for the job he or she was doing, they cannot deny an employee alternative employment opportunities reasonably available under the employer's existing policies.") Evans made no showing that he was entitled to a job transfer under any contractual right or by virtue of any personnel policy at G.M.
 
 
 9
 In addition, as G.M. argued both to the district court and on appeal, Evans has failed to make out a prima facie case of discrimination under the A.D.A. because he has not adequately alleged disability. Disability under the A.D.A., encompasses two elements: 1) physical or mental impairment; and 2) that such impairment substantially limits one or more of plaintiff's major life activities. Wernick v. Federal Reserve Bank of New York, 91 F.3d 379, 383 (2d Cir.1996). It is undisputed that Evans has a physical impairment, a shoulder injury. But he has alleged only that his injury inhibits him from performing the specific job of wheelhouse installer. While work is a "major life activity" under the A.D.A., "an impairment that disqualifies a person from only a narrow range of jobs is not considered a substantially limiting one." Heilweil v. Mount Sinai Hosp., 32 F.3d 718, 723 (2d Cir.1994), cert. denied, 115 S.Ct. 1095 (1995). Evans has thus failed to plead the requisite substantial limitation to a life activity and has not established that he is "disabled" within the meaning of the Act.
 
 
 10
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Dominic J. Squatrito, United States District Judge for the District of Connecticut, sitting by designation